No. 21032.

VALHALLA MEMORIAL PARK COMPANY, A CORPORATION *v.*
GEORGE F. McCARTHY FUNERAL HOME, INC., A CORPORATION.
(428 P.2d 357)

Decided June 5, 1967.

PHELPS, FONDA, HAYS & WILLS, for plaintiff in error.

BELLINGER, FARICY & TURSI, for defendant in error.

*In Department.*

Opinion by Mr. Chief Justice Moore.

On November 20, 1952, a contract was entered into between plaintiff in error, hereinafter referred to as Valhalla, and one Jennie Prosser. In that agreement Jennie purchased a "Founder's Dividend Burial Certificate" for which she agreed to pay $160 in monthly installments. When the total amount was paid, Valhalla agreed to deliver to Jennie a certificate which would entitle the holder thereof to a credit in the amount of $250 on a funeral service at Valhalla Funeral Home.

Pertinent provisions of the agreement giving rise to this controversy are as follows:

"THE MONEY RECEIVED FROM THE PURCHASE OF THE FOUNDER'S DIVIDEND BURIAL CERTIFICATE WILL BE USED TO ACQUIRE AND REHABILITATE VALHALLA'S PRESENT HOME AND TO PROMOTE, BUILD AND EQUIP A NEW VALHALLA FUNERAL HOME; AND ALSO VALHALLA MEMORIAL PARK CO. AND VALHALLA FUNERAL HOME BEING ONE AND THE SAME WILL BE USED TO DO ANYTHING MUTUALLY BENEFICIAL TO EITHER."

The above appeared in the contract in heavy black type. The contract further provided:

"Founder's Dividend Burial Certificates are good for funeral purchases only, and only at Valhalla Funeral Home."

Another provision appearing in heavy black type was as follows:

"THIS FOUNDER'S DIVIDEND BURIAL CERTIFICATE IS NOT CASHABLE INTO THE COMPANY, BUT AFTER RECEIVED, IT IS TRANSFERRABLE IN WHOLE OR IN PART."

Jennie Prosser made all the required payments on the contract, and on November 24, 1953, a certificate was issued by Valhalla which stated that she "or her as-

signs" were entitled to $250 on any funeral purchase at Valhalla on condition, however, that,

"(1) Only one Founder's Dividend Burial Certificate can be used on any one funeral purchase.

"(2) This certificate may be assigned in whole or in part by assignment on the reverse side of this certificate or by a separate assignment in writing attached hereto. The assignment shall be subscribed and sworn to before an officer authorized to administer oaths."

Nine years after issuance of the above-mentioned certificate, Jennie Prosser died. Valhalla was not called upon for the performance of any funeral services or other expense connected with her burial. Her funeral services were performed by the defendant in error, hereinafter referred to as McCarthy. Jennie Prosser's certificate, apparently having been found after the McCarthy service, was transferred to McCarthy by order of the Pueblo county court through the small estate procedure authorized by statute. McCarthy made demand on Valhalla for cash in exchange for this certificate. The demand was refused and this action was then filed by McCarthy against Valhalla in which judgment was sought for $250, or, in the alternative, for $160 plus interest for the time that amount was on deposit with Valhalla. A trial was had to the court and judgment was entered against Valhalla for $160 plus interest, as prayed for in the complaint.

■ Admittedly, the provisions of the 1961 legislative Act which purports to regulate these so-called pre-need contracts is not applicable to the instant case for the reason that the contract was entered into long prior to the adoption of the Act. The trial court correctly ruled that no statutory law governed the matter, but nevertheless awarded judgment against Valhalla for the reason that, as the court viewed the transaction, it was "unfair" to Jennie Prosser. Apparently the court's judgment was based upon some consideration of public policy, notwithstanding the absence of statutory dec-

laration or regulation at the time the agreement was made, and notwithstanding that both Jennie and her husband had executed the agreement in full possession of contractual capacity.

We hold that the contract as entered into between the parties was valid and that the terms thereof are binding upon the parties and their assigns; that its terms cannot be altered or modified by the courts in the absence of a valid regulatory legislation; and that the trial court erred in entering a judgment requiring performance other than that called for by the agreement.

The judgment is reversed.

MR. JUSTICE SUTTON, MR. JUSTICE KELLEY and STANLEY H. JOHNSON* concur.